UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


KATHLEEN M. BILBE                        CIVIL ACTION


VERSUS                                   NO: 06-7596


DONALD BELSOM AND STATE FARM             SECTION: J(5)
FIRE AND CASUALTY COMPANY


**ORDER AND REASONS**

Before the Court is the **Motion to Vacate Preliminary Default (Rec. Doc. 6)** filed by Defendant Donald Belsom. This motion, which was opposed, was set for hearing on November 22, 2006 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should granted.

**<u>Background</u>**

This case was originally filed in state court, and subsequently removed here.  On September 20, 2006, Plaintiff's counsel (who is representing herself, *pro se*) granted State Farm Fire and Casualty Company ("State Farm") a 15 day extension to file responsive pleadings, thereby making the deadline October 11, 2006.  On October 2, 2006, Plaintiff obtained a Preliminary Default against Donald Belsom, a State Farm agent also named in the suit, who is represented by the same counsel as State Farm. Plaintiff did not notify defense counsel before taking the

1

preliminary default or after she obtained the order therefor.
Notably, the letter confirming the extension did not reference
Belsom.   According to Plaintiff, there was a misunderstanding
between counsel as to whom the extension applied.   Defense
counsel were under the impression that the extension applied to
both of its clients, State Farm and Belsom; Plaintiff's counsel,
on the other hand, was purportedly under the impression that the
extension only applied to State Farm.[1]

On October 9, 2006, while this case was still pending in
state court, Plaintiff attempted to confirm the preliminary
default; however, her request was refused.  On October 10, 2006,
after having somehow discovered Plaintiff's efforts to default
Belsom, defense counsel immediately filed an answer and a Notice
of Removal premised on the fact that Belsom was improperly
joined. The preliminary default was never confirmed.


## The Arguments

Belsom asserts that the preliminary default should be
vacated because such default was nullified when he filed his
answer.  Alternatively, Belsom claims that good cause exists for
the Court to vacate Plaintiff's preliminary default under Rule

---

[1]      Plaintiff's counsel did not confirm this assumption with defense
counsel before taking the preliminary default against Belsom.  This motion
would not have been necessary had Plaintiff's counsel shown her opposing
counsel the courtesy of a phone call to confirm that the extension did not
also apply to the other client represented by defense counsel.  Counsel is
advised to read and adhere to the Code of Professionalism adopted by this
Court, which can be found on the court's website, www.laed.uscourts.gov.

55(c) of the Federal Rules of Civil Procedure.  He asserts that his failure to file an answer was not willful and explains that he acted expeditiously to cure the oversight.  Last, Belsom claims that Plaintiff cannot state a cause of action against him because the alleged acts of negligence cited by Plaintiff occurred in January and February of 1993 and are thereby perempted under Louisiana Revised Statute 9:5606.

Plaintiff states that she opposes the motion to vacate; however, she also states the preliminary default is no longer at issue because answers have been filed by the defendants.  She claims Belsom's failure to answer was willful and that vacating the preliminary default would "prejudice the adversary."

## **The Law**

Before addressing the merits of this motion, the Court must first analyze whether it has jurisdiction. See Bass v. Denney, 171 F.3d 1016, 1021 (5th Cir.1999) (noting that "[f]ederal courts must be assured of their subject matter jurisdiction at all times").  In its Notice of Removal, Belsom claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and pursuant to the Multiparty Multiforum Trial Jurisdiction Act ("MMTJA").

Under section 1332, a district court has "original jurisdiction in cases where the matter in controversy exceeds the value or sum of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  The removing defendant

3

has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).  It may do so by one of two methods: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999); see also Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999). This Court determines that it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000.

Next, Belsom claims that complete diversity exists because State Farm is incorporated in Illinois and although Belsom admits he is a Louisiana resident, he claims he was improperly joined for the purpose of defeating diversity.

In order to prove improper joinder, Belsom must prove that there is no reasonable possibility that Plaintiff can establish a cause of action against him - the non-diverse defendant.  McKee v. Kansas City Southern Ry. Co., 358 F.3d 329, 333 (5th Cir.2004), citing  Travis v. Irby, 326 F.3d 644 (5th Cir.2003). The Court has to evaluate all facts in the light most favorable to the plaintiff and resolve all contested issues of controlling substantive law in plaintiff's favor.  Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir.1995).

In support of this assertion, Belsom claims that Plaintiff's claims are perempted under Louisiana Revised Statute 9:5606. Plaintiff specifically claims:

> Defendant, Donald Belsom, acted with negligence and wanton disregard for petitioner by erring and omitting sufficient coverages for building, contents and additional coverages for hurricane damage to a family home located in a federally classified and controlled flood prone zone, not being available to answer inquiries on policy coverages, exclusions and ambiguities, and failing to supervise office staff.

Belsom notes that Plaintiff initially purchased the insurance policy in January or February of 1993; therefore, Belsom claims that Plaintiff's claims against him are perempted by both the one-year and three-year peremptive periods in La. Rev. Stat. 9:5606.  La. Rev. Stat. 9:5606 provides that an action, whether in tort or contract, against an insurance agent must be brought within one year of the "act, omission, or neglect" or within one year from the date the act was or should have been discovered. In "discovered" cases, the action still has to be filed within three years of the act. These periods are peremptive periods and cannot be renounced, interrupted, or suspended.  Here, Plaintiff does not allege that she specifically asked Belsom questions about her policy coverages that he did not answer.  The Court finds that Plaintiff's claims against Belsom are perempted by the La. Rev. Stat. 9:5606.

This Court's ruling in this regard is further supported by its finding that Plaintiff has failed to state a claim against

Belsom.  Specifically, Judge Vance noted in <u>Dobson v.</u>
<u>Allstate Insurance Co.</u>, 2006 WL 2078423 (E.D. La. July 21, 2006)
that no cases impose a duty on an agent to identify a client's
needs and advise him whether he is underinsured or carries the
correct type of coverage.  Plaintiff's claims against Belsom
essentially consist of those types of allegations. In fact, in
<u>Motors Ins. Co. v. Bud's Boat Rental, Inc.</u>, 917 F.2d 199, 205
(5th Cir. 1990), the Fifth Circuit noted, "the client is himself
considered responsible for adequately advising the agent of the
coverage needed and for reading the clear provisions of the
insurance policy." <u>Id.</u> at 205.  Plaintiff does not allege that
she requested a specific amount of coverage and that Belsom
failed to provide her with that requested coverage.  Based on
<u>Dobson</u> and <u>Motors Ins. Co.</u>, Plaintiff cannot state a claim
against Belsom for which relief may be granted.  Therefore,
because there is no viable cause of action against Belsom (the
only non-diverse Defendant), his citizenship should not be
considered for purposes of removal.  Thus, this Court finds that
it does, in fact, have jurisdiction over this matter and hereby
dismisses Belsom from this matter.  Based on this finding, this
Court does not address Belsom's contention that jurisdiction
exists pursuant to the MMTJA.  However, were this Court to
specifically address that assertion, such would be rejected
pursuant to the Court's ruling in <u>Southall v. St. Paul Travelers</u>
<u>Ins. Co.</u>, 2006 WL 2385365 (E.D. La. Aug. 16, 2006).

Having determined that jurisdiction is proper, this Court now addresses the motion to vacate the preliminary default rendered in state court.  Because Belsom answered before the preliminary default was confirmed, such is now moot. However, for the purposes of clarification for the record, this Court finds that Belsom's failure to answer was not willful and Plaintiff will not be prejudiced by this order because the preliminary default was never confirmed.  Belsom's motion to vacate the preliminary default should be granted.  Accordingly,

**IT IS ORDERED** that the **Motion to Vacate Preliminary Default (Rec. Doc. 6)** should be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Belsom should be and hereby are **DISMISSED**.

New Orleans, Louisiana this 20th day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE