UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHLEEN M. BILBE                              CIVIL ACTION

VERSUS                                         NO: 06-7596

DONALD BELSOM AND STATE FARM                   SECTION: J(5)
FIRE AND CASUALTY COMPANY

**ORDER AND REASONS**

Before the Court are the following two motions: **(1) Defendant's Motion in LImine to Exclude Reports and Testimony of Plaintiff's Expert Witnesses (Rec. Doc. 46); and (2) Plaintiff's Expedited Motion to Extend Deadlines for Delivering Experts' Reports, Discovery and Filing/Amending Witness and Exhibit Lists (Rec. Doc. 50)**. These motions were set for hearing on May 2, 2007 on the briefs.

**Procedural History and Background Facts**

Kathleen Bilbe[1] initially filed suit in state court; however, the case was removed to this Court on October 10, 2006. On December 7, 2006, when the Court's Case Manager called the parties to schedule trial and pre-trial dates, Ms. Bilbe was reluctant to set such dates; however; the Case Manager explained that such date-setting is required in all cases on the Court's

---

[1] Ms. Bilbe is a former attorney who is no longer eligible to practice law in the State of Louisiana.  She is representing herself *pro se* in this lawsuit. This Court cautions Ms. Bilbe from adding her bar roll number to the signature block on her pleadings based on her status with the state bar.

1

docket.  After some coaxing, the Case Manager was able to set pre-trial and trial deadlines, as indicated in the Court's Scheduling Order (Rec. Doc. 20).

On March 22, 2007, Ms. Bilbe filed a Motion to Re-set Cutoff Dates or Alternatively to Remove the Case from the Trial Docket (Rec. Doc. 26).  In that motion, Ms. Bilbe noted that the trial of this matter was currently set for June 4, 2007.  She explained that the parties had attended a mediation on February 28, 2007, which had been unsuccessful.  Ms. Bilbe claimed that all her efforts before mediation had been spent on the damages aspect of the case and admitted that she had missed three cutoff dates that had been set forth in the scheduling order.  She also argued that it would be inefficient to proceed in this case with Judge Duval's In Re Katrina Canal Breach opinion on appeal. Ms. Bilbe asked that the case be removed from the trial docket.  This motion was actually deemed deficient.  The deficiency notice instructed Ms. Bilbe to re-file the document in lieu of it being stricken from the record after five days.  The Court's docket clerk even placed her office telephone number in the deficiency notice and instructed Ms. Bilbe to call her directly if she had any questions regarding re-filing the motion.  The deficiency notice was apparently ignored, and the motion was terminated by the Court after the deadline for re-filing passed.

By the time Ms. Bilbe correctly filed a second motion to extend the deadlines on March 28, 2007, she admitted to missing

2

**ALL** cutoff dates set forth in the scheduling order.  Finding this conduct unacceptable, the Court denied Ms. Bilbe's request to reset deadlines.  Thereafter, in an apparent attempt to obtain the same relief from a different source, Ms. Bilbe filed a Motion to Extend Deadlines for Delivering Expert Reports, Discovery, and filing witness and exhibit lists -- and **set this motion before the assigned magistrate judge**.  In her motion, Ms. Bilbe failed to mention that she had previously been denied similar relief by the district judge.  This Court reset Ms. Bilbe's motion for hearing before the undersigned to be heard on the briefs at the same time as Defendant's motion in limine to exclude reports of Plaintiff's experts.  These two motions are discussed below.

### The Parties' Arguments

Essentially, in its motion,[2] State Farm objects to Plaintiff's introduction of the reports or testimony of any expert witnesses in this case, claiming that Plaintiff failed to timely produce the written reports of any expert witnesses by February 12, 2007, as ordered by this Court. (See Rec. Doc. 20).  State Farm notes that Plaintiff has obtained no leave from the Court to produce untimely written reports of experts, which were overdue at the time it filed this motion by more than 60 days.  State Farm argues that in light of the June 4, 2007 trial setting, it would be irreparably prejudiced by Plaintiff's

---

[2]   Defendant's Motion in Limine to Exclude Reports and Testimony of Plaintiff's Expert Witnesses (Rec. Doc. 46).

3

introduction of expert reports and/or expert testimony.  Thus, State Farm requests that reports and testimony of any expert witnesses offered by Plaintiff be excluded in their entirety. State Farm set this motion for hearing on May 2, 2007, thereby making Plaintiff's opposition due on Tuesday, April 24, 2007. Ms. Bilbe failed to timely oppose this motion as her opposition was due on Tuesday, April 24, 2007, per Local Rule 7.5.E.

In Ms. Bilbe's motion,[3] she claims she notified Defendant in the Rule 26a disclosures and in her deposition whom her experts would be, and what exhibits would be offered. She explains that she has retained only one expert - an appraiser of the subject property - whose report has been furnished to Defendant.  Ms. Bilbe claims that she would like to call one other expert at trial - a meteorologist - but whom she has admittedly not yet retained.

In opposition, Defendant notes that Ms. Bilbe was, at one time, a practicing trial attorney licensed by the State of Louisiana and, accordingly, has the training and experience to be familiar with litigation procedures, and to understand and appreciate the importance of deadlines set by the Court.

## Discussion

This Court has a difficult time believing that Ms. Bilbe "inadvertently missed" **ALL** the deadlines set forth in the Court's

---

[3] Plaintiff's Expedited Motion to Extend Deadlines for Delivering Experts' Reports, Discovery and Filing/Amending Witness and Exhibit List (Rec. Doc. 50).

scheduling order.  Ms. Bilbe resisted setting deadlines from the beginning in the initial scheduling conference with the Court's Case Manager.

Ms. Bilbe asserts that a scheduling order may be amended for good cause shown; however, the Court finds that she has offered no good cause - aside from her purported inadvertence - that would have caused her to miss **ALL** of her deadlines. Essentially, Ms. Bilbe has failed to prosecute her own case, and now claims that she will be prejudiced if the Court does not extend her deadlines.  However, any prejudice Ms. Bilbe suffers from the following ruling has been brought on her entirely by her own actions - or inactions.

Although the Court admits that the simple solution would be to continue the trial and set new deadlines, such a ruling would condone Ms. Bilbe's behavior, and the Court is unwilling to do so.  Thus, the Court finds that as for the exhibits, Ms. Bilbe may use at trial only those exhibits which she specifically identified in her initial disclosures.  As for the lay witnesses, Ms. Bilbe may call at trial only those witnesses whom she specifically listed in her initial disclosures.  Ms. Bilbe may call at trial the only expert witness whom she has retained and whose report has been furnished to Defendant - the appraiser. She may not call any other experts (including a meteorologist) at trial - nor may she use the report of any other expert - as such were not timely identified or produced.

Further, the Court recognizes that Ms. Bilbe is no longer eligible to practice law in Louisiana. However, because she is representing herself in this matter *pro se*, the Court instructs Ms. Bilbe to familiarize herself with the Local Rules. Orders - including scheduling orders - of the Court are not be ignored. Also, litigants do not have the option of re-urging motions before a magistrate judge after a district judge denies the motion. Similar conduct in the future may lead to sanctions being incurred. Accordingly,

**IT IS ORDERED** that **Defendant's Motion in Limine to Exclude Reports and Testimony of Plaintiff's Expert Witnesses (Rec. Doc. 46)** should be and hereby is **GRANTED IN PART and DENIED IN PART,** as explained in this order.

**IT IS FURTHER ORDERED** that **Plaintiff's Expedited Motion to Extend Deadlines for Delivering Experts' Reports, Discovery and Filing/Amending Witness and Exhibit Lists (Rec. Doc. 50)** should be and hereby is **GRANTED IN PART and DENIED IN PART,** as explained in this order.

New Orleans, Louisiana this 8th day of May, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE