UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHLEEN M. BILBE                           CIVIL ACTION

VERSUS                                      NO: 06-7596

DONALD BELSOM AND STATE FARM                SECTION: J(5)
FIRE AND CASUALTY COMPANY

**ORDER AND REASONS**

Before the Court are the following cross motions for summary judgment: (1) **State Farm Fire and Casualty Company's Motion for Summary Judgment (Rec. Doc. 65)**; and (2) **Plaintiff's Motion for Summary Judgment (Rec. Doc. 66).** Both of these motions were opposed and were set for hearing on June 27, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should granted and Plaintiff's motion should be denied.

**Background**

Plaintiff's home, which was located in the Venetian Isles subdivision of Orleans Parish, was destroyed when floodwaters

1

inundated it as a result of Hurricane Katrina's storm surge. At the time of her loss, Plaintiff had both a State Farm homeowners policy and a flood insurance policy issued by State Farm under the National Flood Insurance Program (NFIP). (See Exs. C-D of State Farm's MSJ). After Katrina, Plaintiff submitted a claim for the loss of her home and its contents under both policies. State Farm paid Plaintiff a total of $96,400.00 under the flood policy, representing full policy limits under the dwelling and personal property coverages ($86,400.00 and $10,000.00, respectively), plus $4,500.00 for a mink coat under a personal articles policy for furs. (See Ex. E to State Farm MSJ). Later, State Farm paid Plaintiff $1,466.27 under her homeowners policy, representing $1,611.15 for covered wind damage to the roof, plus benefits due under Coverage C – Loss of Use ($2,225.12), minus the applicable deductible ($2,370.00). (See Ex. F to State Farm MSJ). State Farm declined to pay for the remaining damage to Plaintiff's property, citing the policy's water damage exclusion. (See Ex. G to State Farm MSJ).

Plaintiff has sued State Farm alleging that it is liable for contract damages and civil penalties based on its allegedly wrongful handling of her claim for homeowners insurance benefits. Plaintiff asserts that State Farm acted arbitrarily and capriciously in denying coverage for the damage to Plaintiff's dwelling and personal property under the homeowners policy's "water damage" exclusion.

**The Arguments**

State Farm's Motion for Summary Judgment:

State Farm's homeowners policy provides coverage for "accidental direct physical loss" to the insured dwelling, "except as provided in SECTION I - LOSSES NOT INSURED." The Losses Not Insured section states, in pertinent part:

> 2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> \*    \*    \*    \*
>
> c.  Water Damage, meaning:
>
> > (1)  flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not.

(See Ex. D. to State Far, MSJ). As for personal property, the policy provides coverage for "accidental direct physical loss caused by" specified perils, including "windstorm," also expressly subject to the exclusions in Section I.

First, State Farm argues that it properly denied coverage for the flood damage to Plaintiff's dwelling and personal

3

property under the policy's "water damage" exclusion, which it asserts specifically bars coverage for loss that "would not have occurred in the absence" of "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not."  Contrary to Plaintiff's assertions, State Farm claims that loss from "storm surge" or "hurricane waters" is encompassed within the water perils specifically enumerated in the water damage exclusion.  State Farm asserts that the insurance contract is unambiguous as to these terms.

State Farm claims that the policy's coverage for loss from wind or "windstorm" does not provide coverage for Plaintiff's claimed loss.  As State Farm points out, Plaintiff seems to argue that because State Farm's policy covers "windstorm," her entire loss is covered.  State Farm claims that it properly paid Plaintiff for the separate and independent wind damage to her dwelling, and properly declined coverage for damage attributable to the combined and indivisible effect of wind and water.  State Farm contends that the water damage exclusion applies if any of the excluded water perils, including flood, is a contributing cause of the claimed damage, despite the fact that some other peril (covered or not) may have caused the flood or may have operated in combination with the flood to cause the loss, because the claimed damage "would not have occurred in the absence of" the excluded water peril.  Here, State Farm paid Plaintiff for

4

all separate and independent wind damage to her insured property and declined coverage for the rest of the damage to her home. Because the remaining damage was caused by storm surge, either alone or in combination with hurricane winds, State Farm claims it was clearly excluded from coverage.

In opposition, Plaintiff adopts her memorandum in support of her motion for summary judgment and argues as follows.  Plaintiff asserts that because the exclusionary clause in the homeowners is ambiguous, and because her policy limits on her homeowners policy were high and those on her flood policy were low, she was led to believe that flooding resulting from excessive rain (inland flooding) was the flooding that was excluded from coverage under her homeowners policy.  She reasons that this belief was reasonable because inland flooding is not common in Louisiana. Thus, Plaintiff reasons that the homeowners policy appeared appropriate for weather events common in her locale.

Plaintiff's Motion for Summary Judgment:

Plaintiff asserts that damage from a storm surge is not excluded under the applicable policy as it is nothing but wind driven water.  Plaintiff further notes that technically storm surge would not be covered by the flood policy either because that policy actually defines "flood"; however, it does not include "storm surge" or damages caused by wind driven water. Plaintiff concedes that the main issue is "whether the storm surge waters are to be considered a flood within the meaning of

5

the exclusionary clause in the Homeowner's Extra policy." Because Plaintiff contends the policy terms are ambiguous, she claims the provisions should be construed in her favor.

State Farm opposes Plaintiffs' motion with the same arguments it advances to support its motion for summary judgment.

## Discussion

Legal Standard:

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (citing Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts showing that there is a genuine issue of material fact in dispute. Id. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir.2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some

metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. [The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d 1075 (emphasis in original) (citations omitted).

The Water Damage Exclusion:

Insurance policies are interpreted according to the general rules of contract interpretation set forth in the Louisiana Civil Code.  See Mayo v. State Farm Mut. Auto. Ins. Co., 03-1801, p. 3 (La. 2/25/04); 869 So. 2d 96, 99; Ledbetter v. Concord Gen. Corp., 95-0809, p. 6 (La. 1/6/96); 665 So. 2d 1166, 1169, amendedon other grounds, 95-0809 (La. 4/18/96); 671 So. 2d 915. Courts look to the intent of the parties as reflected by the words of the policy, which are to be construed according to their plain and generally prevailing meaning. Ledbetter, 665 So. 2d at 1169; see also La. Civ. Code Ann. art. 2047.  Courts must enforce the policy language as written when the words are clear and unambiguous and lead to no absurd consequences.  Peterson v. Schimek, 98-1712, pp. 4-5 (La. 3/2/99); 729 So. 2d 1024, 1028; see also La. Civ. Code Ann. art. 2046.  The issue of whether an ambiguity exists in an insurance contract is a question of law.

7

<u>Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.</u>, 93-0911, p. 17 (La. 1/14/94); 630 So. 2d 759, 764. Although exclusions are strictly construed, the courts will not "strain to find an ambiguity in the policy where none exists." <u>Travelers Indem. Co. v. Powell Ins. Co.</u>, No. 95-4188, 1996 WL 578030, *3 (E.D. La. Oct. 4, 1996).

Judge Duval's <u>In re Katrina Canal Breaches Consolidations Litigation</u> opinion addresses a separate issue of manmade flooding; however, the following interpretation of the applicable provision of the State Farm policy is helpful in the context of this case:

> ....... the State Farm policies provide:
>
> SECTION I-LOSSES NOT INSURED
>
> 2. We do not insure under any coverage for loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
>> c. (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these all whether driven by wind or not;
>
> The State Farm policy ... makes it clear that regardless of the cause of the flooding, there is no coverage provided for any flooding "regardless of the cause." Such language is clear to the Court and as such, the Court must find that the State

8

>      Farm policy as written excludes coverage for all
>      flooding.

Id. at *762-63, internal citations omitted.  This Court agrees with Judge Duval's conclusion that the water damage exclusion in State Farm's policy is unambiguous.

In the instant case, State Farm's homeowners policy excludes from coverage losses that "would not have occurred in the absence" of certain water perils, including "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not."  Plaintiff's argument that "hurricane waters" or "storm surge" do not fit within the terms set forth in the water damage exclusion is without merit.  The damage to Plaintiff's home was caused by the inundation of her home by what was clearly tidal water from Lake Pontchartrain (her home was in the Venetian Isles subdivision of Orleans Parish) driven ashore during Hurricane Katrina. The Court determines that this is water damage within the meaning of State Farm's policy exclusion.  Thus, State Farm's water damage exclusion clearly and unambiguously excludes damage for all flooding - whether driven by hurricane winds or not.  It should also be noted that in the pre-trial conference, Plaintiff indicated that the only remaining issue related to the validity of the flood exclusion, which this Court has addressed herein. Thus, no other issues remain to be adjudicated.

9

Thus, the Court finds that State Farm's motion for summary judgment should be granted and Plaintiff's motion for summary judgment should be denied.  Accordingly,

**IT IS ORDERED** that **State Farm Fire and Casualty Company's Motion for Summary Judgment (Rec. Doc. 65)** should be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that **Plaintiff's Motion for Summary Judgment (Rec. Doc. 66)** should be and hereby is **DENIED**.

New Orleans, Louisiana this 12th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE